Ramirez-Martinez v. Barr

BIA
Christensen, IJ
A206 781 781/782

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand nineteen.

PRESENT:
ROBERT A. KATZMANN,
*Chief Judge,*
REENA RAGGI,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

ANA ALICIA RAMIREZ-MARTINEZ,
DAVID ALEXANDER REYES-RAMIREZ,
*Petitioners,*

v.                                                          **17-1721**
                                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.**

_____

FOR PETITIONERS:            H. Raymond Fasano, Esq., Youman, Madeo & Fasano, LLP, New York, NY.

_____

    * Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General William P. Barr is automatically substituted for former Acting Attorney General Matthew G. Whitaker.

FOR RESPONDENT:                    Chad A. Readler, Acting Assistant
                                   Attorney General, Civil Division;
                                   Leslie McKay, Senior Litigation
                                   Counsel, Office of Immigration
                                   Litigation; Lisa Morinelli, Trial
                                   Attorney, Office of Immigration
                                   Litigation, United States
                                   Department of Justice, Washington,
                                   DC.


UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ana Alicia Ramirez-Martinez, and her son, David Alexander Reyes-Ramirez, natives and citizens of Honduras, seek review of a BIA decision affirming an Immigration Judge's ("IJ") denial of Ramirez-Martinez's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ana Alicia Ramirez-Martinez*, *David Alexander Reyes-Ramirez*, Nos. A 206 781 781/782 (B.I.A. May 1, 2017), *aff'g* No. A 206 781 781/782 (Immig. Ct. N.Y. City Sept. 16, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).

2

We review factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). We review questions of law *de novo*. *Paloka*, 762 F.3d at 195.

Ramirez-Martinez claimed asylum and withholding of removal based on her membership in a particular social group, which she defined as "Honduran single mothers who are small business owners."[1] In order to demonstrate her eligibility for asylum and withholding of removal, Ramirez-Martinez had to "establish that race, religion, nationality, membership in a particular social group, or political opinion was or w[ould] be at least one central reason for" her persecution. 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010). In order for her group to constitute a particular social group, it had to be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter*

---

[1] Ramirez-Martinez also sought relief under the Convention Against Torture ("CAT"). Because she only cursorily challenges the denial of that claim, she has waived that issue on appeal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

3

*of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see also Paloka*, 762 F.3d at 196.

Even assuming *arguendo* that single mothers who are small business owners comprise a cognizable group,[2] the BIA did not err in denying Ramirez-Martinez's claims for asylum and withholding of removal because she failed to establish that a protected ground was a central reason for her past harm or fear of future harm. She did not assert that the gang members who threatened her mentioned her status as a woman, single mother, or small business owner. Rather, Ramirez-Martinez's application stated that she feared "crime and delinquency

---

[2] We need not decide whether the Board and the IJ provided adequate reasoning for their conclusion that petitioner's proposed social group is not cognizable, because, in any event, "we can state with confidence that the IJ would adhere to his decision were the petition remanded." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 15861 (2d Cir. 2006). Ramirez-Martinez failed to demonstrate that her proposed group was socially distinct in Honduran society. Ramirez-Martinez argues that the fact that women who own small businesses are targets for violence evinces that they are recognized as a social group in Honduras. Although persecutory action toward a group may be a relevant factor in determining the visibility of a group, when, as here, "the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the [Immigration and Nationality Act]." *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007). Ramirez-Martinez also argues that national policies recognize women who own small businesses, but points only to national policies that generally "promote women's economic development and empowerment." CAR 291.

4

that is prevalent" throughout Honduras, and which was "on the rise because of . . . poverty." CAR 472. She stated that "[c]riminals extort law abiding citizens for their money, which they earn through their hard work." *Id.* In addition, record evidence indicates that gang extortion is common in Honduras and affects "all sectors of the economy." CAR 264. Therefore, there is no evidence that Ramirez-Martinez was targeted because of her membership in the purported social group as opposed to her resources. Because a fear of "general crime conditions" is not a ground for asylum, the BIA did not err in denying her application. *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999); *see also In re M-E-V-G-*, 26 I. & N. Dec. at 249-51 ("The national community may struggle with significant societal problems resulting from gangs, but not all societal problems are bases for asylum.").

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
